JOHN J. SHAW *vs.* FRANCES A. WISE.
FRANCES A. WISE *vs.* JOHN J. SHAW.

Suffolk.    March 17, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Arbitrament and Award.*

It is no objection to an award of referees, made after an order of recommittal to them, that it refers to an account annexed to a prior award on file in the same case.

If an award of referees states that it is made "pursuant to our appointment as referees under the foregoing rule," and two rules are attached, one in that case and the other in a cross action heard with it, the referees, in the absence of anything to the contrary, will be presumed to have acted under the rule applying to the case to which the award relates, and not under the rule which does not apply to it.

It is not necessary that the authority under which referees acted should be stated in or affixed to their award, especially when it appears that they acted under a rule of court which is in evidence as part of the record in another case in the same court.

TWO ACTIONS OF CONTRACT. The cases were referred, by agreement of the parties, to referees, who heard them together, and made one award covering both cases, the rule of reference in each case being attached to the award. The cases were then ordered to be recommitted to the referees, with directions to make a separate award in each case. The referees thereupon made a new award in the second case, leaving their first award unchanged. A second order of recommittal was then entered, directing the referees to make a separate award in each case, in conformity with the previous order. Whereupon the referees made a new and separate award in favor of Shaw in each case, that in the first case beginning, "Pursuant to our appointment as referees under the foregoing rule," and containing the statement that "said account hereto annexed is the same account set forth in our report recommitted to us"; and that in the second case beginning, "Pursuant to our appointment as referees under the rule annexed to our report in" the first case. Preceding the award in the second case, in the printed record, was the rule of reference marked "Copy," but not

attested. Wise objected to the acceptance of the award in each case, the grounds of objection in the first case being as follows:

"1. The award is not sufficient in form.

"2. The award purports to be made pursuant to a rule annexed to said award, when in fact, as appears by the record, there are two rules annexed thereto. It does not appear under which rule the award is made."

The grounds of objection in the second case were as follows:

"1. The award is not sufficient in form.

"2. No authority of the referees to act is shown thereby.

"3. No submission or rule to referees is attached thereto.

"4. The award purports to be made under and pursuant to a rule of court not on file in this case, and therefore not of record herein as a part of said award."

In the Superior Court, the objections were overruled, the awards were accepted and confirmed, and judgment entered thereon; and Wise appealed to this court.

*A. H. Russell,* for Wise.

*C. G. Keyes & C. D. Keyes,* for Shaw.

MORTON, J. These cases were argued together, and the objections in them are of the most technical kind. In *Shaw* v. *Wise* it is said that the award which was made after the order of recommittal refers to an account annexed to a prior award on file in the same case. We know of no legal objection to such a course. The account becomes incorporated by reference into the award, and forms a part of it, to the same extent as if physically attached to it. It is also said that the final award purports to be made "pursuant to our appointment as referees under the foregoing rule"; that two rules are attached, one in *Shaw* v. *Wise*, and the other in *Wise* v. *Shaw;* and that it does not appear under which rule the referees were acting. The statement which has been quoted shows that the referees were acting under one rule, and not under both; and, in the absence of anything to the contrary, the referees will be presumed to have acted under the rule applying to the case to which the award related, and not under the rule which did not apply to it.

In the case of *Wise* v. *Shaw* it is objected that the only evidence of the authority of the referees to act attached to their

award is an unattested copy of the rule of court, made presumably by the referees, and that the rule itself is attached to the original award in *Shaw* v. *Wise.* It is not contended that the copy is incorrect, or that the referees had not in fact authority to act, and no objection is made in this case or the other to the award on its merits. It is not necessary that the authority under which referees act should be stated in or affixed to the award; (Morse, Arbitration & Award, 275, 276;) especially when it appears, as it does here, that they acted under a rule of court which is in evidence as part of the record in another case in the same court,                     *Judgments affirmed.*